UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSEPH BROWN,

                  Plaintiff,

        -against-

NEW YORK POLICE DEPARTMENT; CITY
OF NEW YORK,

                  Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM AND ORDER
10-CV-4458 (CBA) (LB)

AMON, United States District Judge:

        Plaintiff Joseph Brown, a resident of Staten Island, New York, brings this *pro se* "civil action for deprivation of rights" seeking an injunction against the defendants to "stop all harassment, assaults, thefts, and crimes against petitioner." Complaint at 1. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons discussed below, plaintiff is granted 30 days leave to file an amended complaint.

**STANDARD OF REVIEW**

        Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89 (2007), and the Court is obliged to construe his pleadings liberally, interpreting them as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Thus, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must

grant leave to amend the complaint before dismissing. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

## DISCUSSION

Plaintiff asserts claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), as codified at 42 U.S.C. 3601, et seq.[1] For the reasons stated below, plaintiff is granted 30 days leave to amend the complaint. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. No Claim As Alleged Against the City of New York

A claim against a municipal entity under either 42 U.S.C. § 1981 or 42 U.S.C. § 1983 must allege that the municipal entity was itself involved in the alleged constitutional violation, by policy, custom, or otherwise. See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 733-36 (§ 1981); Monell v. Department of Social Services, 436 U.S. 658, 692-94 (1978) (§ 1983); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004) ("Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees."). "Liability of a municipal defendant or an individual sued in his official capacity under § 1981 and § 1983 cannot, however, be premised on a theory of respondeat superior."

---

[1] With respect to any claim under the Fair Housing Act, plaintiff nowhere alleges facts relevant to housing at all. Plaintiff observes that "Title VIII of [the] Civil Rights Act of 1968 . . . was intended to eradicate all discrimination against blacks and to ensure for them full freedom and equality in civil rights." The only allegations contained in the complaint that might arguably pertain to the plaintiff's living arrangements involve an alleged home invasion. If plaintiff intends to raise a claim under the Fair Housing Act, he must plead facts relevant to housing discrimination.

2

Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004) (citing Jett, 491 U.S. at 733-36 (§ 1981); Monell, 436 U.S. at 690-91 (§ 1983)).

Here, plaintiff does not allege, and nothing in his complaint suggests, any of the allegedly wrongful acts were attributable to a municipal policy or custom. If plaintiff were able to allege sufficient facts to assert a claim under 42 U.S.C. 1983 against the City of New York, his complaint would have to be amended to add those facts. To the extent plaintiff intended to name defendants other than the City of New York, he must name them individually.

**B. No Claim Against New York City Police Department**

The New York City Police Department ("NYPD") is a non-suable agency of the City. Jenkins v. City of New York, No. 06CV0182, 2007 WL 415171, at *11 n. 19 (2d Cir. Feb. 6, 2007) (citing Wray v. City of New York, 340 F. Supp. 2d 291, 3030 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law.")). Therefore, the complaint against the NYPD is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Rule 8**

Even if plaintiff had named a proper party, under the facts as alleged, pursuant to 28 U.S.C. § 1915 (e)(2)(B), a court must consider whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim on which relief may be granted. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see

also Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 8 does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). However, although the pleading standard Rule 8 announces, "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009). The district court must, therefore, "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (quoting and citing Twombly, 550 U.S. at 556-57) (internal citations omitted).

The Court has reviewed plaintiff's submission thoroughly. The complaint primarily consists of information about the 13th and 14th Amendments to the United States Constitution and three federal statutes which address race discrimination in employment contracts and by state actors. That is, plaintiff lists the statutes and describes what protections he believes they afford, but does not state how they may have been violated in his case. However, plaintiff does assert a litany of allegations which upon amendment might give rise to a claim for relief. For example, plaintiff states that police officers unlawfully invaded his private residence. Complaint at 6-7.

4

Of course, an unlawful search might give rise to liability under the Fourth Amendment and 42 U.S.C. § 1983. As currently constituted, however, the allegation fails to describe any of the circumstances surrounding the alleged entry into his home necessary to determine whether the alleged search was in fact unlawful. Particularly as the plaintiff is required to amend the complaint either to name individual defendants or to assert facts regarding municipal liability, plaintiff is afforded thirty days to amend his complaint. In doing so, plaintiff should provide further details regarding the circumstances surrounding the alleged unlawful acts so as to allow any defendant to have a fair understanding of what plaintiff is complaining about and whether there is a legal basis for recovery.

## CONCLUSION

Accordingly, plaintiff's claims against the NYPD are dismissed. In light of plaintiff's *pro se status*, plaintiff is granted leave to file an amended complaint within 30 days of the date of this order. See Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000) ("[A] *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." (quotations omitted)). The amended complaint must be captioned as an "Amended Complaint," and must name any individual defendants in the caption.[2] To the extent plaintiff seeks to bring a claim against the City of New York in light of the above discussion, he should also include the City of New York in the caption. The amended complaint

---

[2] Even if plaintiff doe not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff should describe each individual and the role he or she played in the alleged deprivation of his rights.

should bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

/S/
_____
Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
November 16, 2010